**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-40003
Summary Calendar

UNITED STATES OF AMERICA,

Appellee,

VERSUS

BENTON MILEY, a/k/a Buddy,

Appellant.

Appeal from the United States District Court
For the Eastern District of Texas

(1:95-CV-938)

June 18, 1998

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Benton Miley was convicted by a jury of conspiracy to manufacture methamphetamine and possession of a firearm in relation to a drug-trafficking offense. The district court sentenced Miley to life imprisonment for the conspiracy charge and 120 months' imprisonment for the firearm charge. We affirmed Miley's conviction and sentence on appeal.[2] Later, Miley filed his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. The district court denied that motion and Miley appeals. He argues that his trial counsel was ineffective during sentencing for failing to challenge

---

[*]Under 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]    *United States v. Miley*, 981 F.2d 1256 (5th Cir. 1992).

the government's lack of proof regarding the type of methamphetamine involved in the conspiracy, that the district court erred by failing to require the government to prove the type of methamphetamine involved in the conspiracy, and that his firearms conviction under 18 U.S.C. § 924 is invalid because he was not involved in a drug trafficking offense. We find that the district court did not err.

To determine whether Miley's counsel was ineffective for failing to argue that the instant drug offense involved l-methamphetamine rather than actual methamphetamine, we apply the standard articulated by this Court in *United States v. Acklen*.[3] To prevail on this claim, Miley must offer some evidence other than pure speculation that his offense involved l-methamphetamine.[4] Miley has failed to make the required showing.

Miley also argues that the district court erred by failing to require the government to prove the type of methamphetamine used in the conspiracy. During sentencing, the government bears the burden of proving the type of methamphetamine involved in a drug offense.[5] The DEA chemist testified that the ephedrine in Miley's possession was capable of producing 15 to 20 kilograms of "pure" methamphetamine. The district court interpreted this to mean "methamphetamine (actual)" as it is used in the 1991 edition of the sentencing guidelines. We find that this interpretation is correct. The 1990 edition of the sentencing guidelines referred to "pure methamphetamine" as the

---

[3]     47 F.3d 739, 743-4 (5th Cir. 1995).

[4]     *Id*. The "mere absence of a lab report does not suffice for this purpose". *Id*. at n.11. *See also United States v. Acklen*, 97 F.3d 750, 751 (5th Cir. 1996).

[5]     *United States v. O'Bryant*, 136 F.3d 980, 981 (5th Cir. 1998).

most powerful form.[6] The 1991 edition replaced "pure methamphetamine" with "methamphetamine (actual)".[7] Miley was tried about one month after this change became effective. In these circumstances, the district court did not err in sentencing Miley based upon the guideline range for "methamphetamine (actual)".

Finally, Miley argues that his firearms conviction under 18 U.S.C. § 924 should be vacated because he was not involved in a drug trafficking offense. Miley's conviction for conspiracy to manufacture methamphetamine is clearly a drug trafficking offense. There is no merit to Miley's argument.

The judgment of the district court is AFFIRMED.

---

[6] U.S.S.G. § 2D1.1 (1990).

[7] *See* U.S.S.G. § 2D1.1 (1991); *United States v. Sherrod*, 964 F.2d 1501, 1510 n.21 (5th Cir. 1992).